IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANIEL ERIC COBBLE, Reg. No. 97872-020,    )
                                            )
        Plaintiff,                          )
                                            )
    v.                                      )      CIVIL ACTION NO.
                                            )      2:19-CV-1022-WHA
UNITED STATES OF AMERICA                    )          (WO)
GOVERNMENT,                                 )
                                            )
        Defendant.                          )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

Plaintiff Daniel Eric Cobble, who is incarcerated at the Sumter County Jail in Americus, Georgia, filed this *pro se* civil complaint asserting a nonsensical and largely incoherent medical claim for which the "United States of America Government" is named as defendant.  Doc. # 1. With his complaint, Cobble has also moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Doc. # 2.

### II.  DISCUSSION

Under 28 U.S.C. § 1915(g), commonly called the "three strikes rule," a prisoner may not bring a civil action *in forma pauperis* if he "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to

state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

Plaintiff Cobble is a prolific filer of federal civil actions deemed frivolous. Court records establish that Cobble, while incarcerated or detained, has on at least three occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.[2] The cases on which this court relies in finding a § 1915(g) violation are: *Cobble v. U.S. Government*, No. 1:18-CV-92-LAG (M.D. Ga. 2018) (dismissed as frivolous); *Cobble v. Jones*, No. 4:16-CV-362-LAG (M.D. Ga. 2016) (dismissed as frivolous and for failure to state a claim); *Cobble v. Bloom*, No. 1:04-CV-1150-SCJ (N.D. Ga. 2004) (dismissed as frivolous); *Cobble v. David*, No. 1:04-CV-560-SCJ (N.D. Ga. 2004) (dismissed as frivolous); *Cobble v. Cobb Cty. Police*, No. 1:02-CV-2821-RWS (N.D. Ga.

---

[1] Title 28, § 1915(e) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., 2011 WL 5970977, at *2 (3d Cir. 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, 2010 WL 1463011, at *1 (E.D. Mich. 2010) (quoting *Price v. Heyrman*, 2007 WL 188971, at *1 (E.D. Wis. 2007) (citing *Neitzke*, 490 U.S. at 327)).

[2] This court may take judicial notice of its own records and the records of other federal courts. *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999).

2002) (dismissed for failure to state a claim).[3]  This court concludes that these summary dismissals place Cobble in violation of 28 U.S.C. § 1915(g).

Because Cobble has had at least three prior dismissals, he may not proceed *in forma pauperis* here unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  In determining whether a plaintiff satisfies this burden, "the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  "A plaintiff must provide the court with specific allegations of *present imminent danger* indicating that a serious physical injury will result if his claims are not addressed."  *Abdullah v. Migoya,* 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013)) (emphasis added); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action."); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that imminent danger exception to § 1915(g)'s three strikes rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

---

[3] These cases are just the tip of the iceberg.  In *Cobble v. Neeley*, Civil Action No. 1:18-CV-172-LAG (M.D. Ga. 2018), the district court noted that "[a] search of PACER records reveals that [Cobble] has filed hundreds of federal cases over the years, including, in the Middle District of Georgia alone, eighty-nine separate cases."  As a result of Cobble's prolific history of filing frivolous and vexatious cases, and to curb further abuses, the court sanctioned his ability to file civil actions in that court for a period of two years by allowing a pleading to be filed only if, on review, the court determines it alleges a plausible claim for relief.  *See Id.*

Cobble makes a conclusory and unsupported assertion that he is in imminent danger of serious physical injury. *See* Doc. # 1 at 1. He presents no specific facts to bolster his assertion of imminent danger. After careful review, and construing any allegations in favor of Cobble, the court finds Cobble's claims do not entitle him to avoid the bar of § 1915(g) because they do not provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his complaint is not addressed. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that a prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed in forma pauperis must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)); *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (noting the imminent danger exception is available only "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury.'"); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred.").

In light of the foregoing, this court concludes that Cobble's motion for leave to proceed *in forma pauperis* should be denied and this case summarily dismissed without prejudice for Cobble's failure to pay the requisite $350.00 filing fee upon initiating this cause of action. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (finding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of

4

§ 1915(g)" because the prisoner "must pay the filing fee [and now applicable administrative fee] at the time he *initiates* the suit.") (emphasis in original); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (same).

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) Cobble's motion for leave to proceed *in forma pauperis* (Doc. # 2) be DENIED; and

(2) This case be DISMISSED WITHOUT PREJUDICE for Cobble's failure to pay the filing and administrative fees upon initiating the case.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 21, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

5

DONE this 7th day of May, 2020.


　　　　　　　　　/s/ Charles S. Coody
　　　　　　　　CHARLES S. COODY
　　　　　　　　UNITED STATES MAGISTRATE JUDGE